**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Nev. Bar No. 11480)
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEVADA

| | |
|---|---|
| JAMIE I. KOSTIUK,<br><br>Plaintiff,<br><br>v.<br><br>SMART SALES AND LEASE, INC.,<br><br>Defendant. | Case No. 3:20-cv-00023<br><br>**COMPLAINT FOR DAMAGES**<br><br>**1. VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. §227 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

NOW COMES Plaintiff, JAMIE I. KOSTIUK, through undersigned counsel, complaining of Defendant, SMART SALES AND LEASE, INC. as follows:

### NATURE OF ACTION

1. This is an action seeking redress for alleged violation(s) of the Telephone Consumer Protection Act (the "TCPA"), 47 U.S.C. § 227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

### PARTIES

4. JAMIE I. KOSTIUK ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in, Reno, Nevada.

5. Plaintiff is a "person" as defined by 47 U.S.C. § 153(39).

1

6. SMART SALES AND LEASE, INC. ("Defendant") is a corporation organized under the laws of South Dakota.

7. Defendant has its principal place of business at 3220 West Main Street, Suite 200, Rapid City, South Dakota 57702.

8. Defendant is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

9. At all times relevant, Plaintiff was the sole operator, possessor, and subscriber of the cellular telephone number ending in 7836.

10. At all times relevant, Plaintiff's number ending in 7836, was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

11. At all times relevant, Plaintiff was financially responsible for her cellular telephone equipment and services.

12. Last year, Plaintiff leased Ashley® Furniture Products from Defendant.

13. As result of financial hardship, Plaintiff's lease payments became overdue.

14. Soon, Plaintiff started to receive collection phone calls from Defendant.

15. On multiple occasions, Plaintiff answered.

16. Often times, however, Plaintiff answered, was met by clear pause, and was forced to say "Hello, Hello, Hello" prior to being connected to an agent.

17. Other times, Plaintiff answers and the call is quickly dropped.

18. On or before November 5, 2019, Plaintiff started to receive SMS messages from Defendant.

19. Defendant's SMS message provided:

> This is Nick with Smart Sales and Lease.  Please call us at 1-877-700-3040, in order to get a lease payment for the past due balance currently on your account due to returned payments.  We understand that things do happen & we can work with you to come up with a solution.  Thank you.

2

20. In response, Plaintiff responded:

> Stop calling/texting me. I have an attorney. His name is Nicholas Wajda and his number is 310-997-0479.

21. Unfortunately, these phone calls (and SMS messages) continue.

22. In fact, Plaintiff receives weekly phone calls (and SMS messages) from numbers leading back to Defendant, including – (877) 700-3040.

23. Phone calls were received on November 20, 2019; December 13, 2019; December 19, 2019; December 26, 2019; January 3, 2020; and January 10, 2020.

24. SMS messages were received on November 12, 2019; November 20, 2019; December 15, 2019; and January 8, 2020.

25. Said SMS messages provided:

> This is a payment reminder from Smart Sales and Lease regarding your merchandise from Ashley Homestore. We will submit the withdrawal request of 91.66 to your bank in two days.

> This is Nick with Smart Sales and Lease. Please call us at 1-877-700-3040, in order to get a lease payment for the past due balance currently on your account due to returned payments. We understand that things do happen & we can work with you to come up with a solution. Thank you.

> This is Smart Sales & Lease regarding your merchandise from Ashely Homestore. Please call or text me today at 1-402-810-7100. Thank you.

> This is Smart Sales & Lease regarding your merchandise from Ashely Homestore. Please call or text me today at 1-402-810-7100. Thank you.

26. All in all, Plaintiff received no less than 12 unwanted, unauthorized, *unconsented-to* phone calls from Defendant.

27. Defendant's phone calls resulted in aggravation that accompanies unsolicited phone calls, anxiety, diminished value and utility of telephone equipment and telephone subscription services, emotional distress, increased risk of personal injury resulting from the distraction caused by the phone calls, intrusion upon and occupation of Plaintiff's cellular telephone capacity, invasion

3

of privacy, loss of battery charge, loss of concentration, mental anguish, nuisance, the per-kilowatt electricity costs required to recharge her cellular telephone as a result of increased usage of her telephone services, and wasting Plaintiff's time.

28. Concerned with having had her rights violated, Plaintiff sought counsel to ensure that Defendant's unlawful collection practices stopped.

29. Accordingly, Plaintiff expended energy/time consulting with attorneys as direct result of Defendant's unlawful collection practices.

## COUNT I
### Telephone Consumer Protection Act (47 U.S.C. § 227 *et. seq*.)

30. All paragraphs of this Complaint are expressly adopted and incorporated herein as though fully set forth herein.

31. Defendant placed or caused to be placed no less than 12 non-emergency calls, including but not limited to the aforementioned collection calls, to Plaintiff's cellular telephone utilizing an automatic telephone dialing system ("ATDS") or an artificial or prerecorded voice without Plaintiff's consent in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

32. Although the TCPA does not define a "call," the Federal Communcations Commission (FCC), the agency implementing the TCPA, has interpreted the TCPA to "encompass[] both voice calls and text calls to wireless numbers including, for example, short message service (SMS) calls," which are generally referred to as text messages. *In re Rules & Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 F.C.C. Rcd. 14014, 14115 (July 3, 2003); *see also Satterfield v. Simon & Schuster, Inc*., 569 F.3d 946, 954 (9th Cir. 2009) (holding that the FCC's interpretation that a text message is a "call" under the TCPA is reasonable).

4

33. The TCPA defines an automatic telephone dialing system as equipment which has the *capacity* – (A) to store or produce numbers to be called, using a random or sequential number generator; and (B) to dial such numbers. 47 U.S.C. § 227(a)(1).

34. Upon information and belief, based on the "clear pause" Plaintiff experienced, Defendant employed an ATDS to place calls to Plaintiff's cellular telephone.

35. Upon information and belief, the ATDS employed by Defendant transfers the call to an agent once a human voice is detected, hence the clear pause.

36. Upon information and belief, the ATDS employed by Defendant has the capacity – (A) to store numbers to be called; and (B) to dial such numbers. *See Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018) ("the statutory definition of ATDS is not limited to devices with the capacity to call numbers produced by a 'random or sequential number generator,' but also includes devices with the capacity to dial stored numbers automatically.").

37. Plaintiff revoked any and all earlier consent on November 5, 2019.

38. Upon information and belief, Defendant acted through its agents, employees, and/or representatives at all times relevant.

39. As a result of Defendant's violations of 47 U.S.C. §227 (b)(1)(A)(iii). Plaintiff is entitled to receive $500.00 in damages for each violation.

40. As a result of Defendant's *knowing and willful violations* of 47 U.S.C. §227 (b)(1)(A)(iii), Plaintiff is entitled to receive up to $1,500.00 in treble damages for each violation.

WHEREFORE, Plaintiff requests the following relief:

A. a finding that Defendant violated 47 U.S.C. § 227 *et seq.*;

B. an award of statutory damages of at least $500.00 for each and every violation;

C. an award of treble damages of up to $1,500.00 for each and every violation; and

D. an award of such other relief as this Court deems just and proper.

# **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: January 14, 2020                                        Respectfully submitted,

**JAMIE I. KOSTIUK**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
**WAJDA LAW GROUP, APC**
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com

6